UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TODD GREEN,
    Plaintiff,

vs.                                                                     05-4075

WAYNE FRENCH,
    Defendant.

### ORDER

This cause is before the court for consideration of the defendant's motion for summary judgement. [d/e 15].

### I. BACKGROUND

The pro se plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that Defendant Correctional Officer Wayne French violated his constitutional rights at the Lawrence Correctional Center. The plaintiff claims the defendant violated his Eighth Amendment rights to be free from cruel and unusual punishment and retaliated against him in violation of the First Amendment.

Specifically, the plaintiff's complaint alleges that the plumbing in the cell above him broke and his cell was flooded with urine and feces. The plaintiff says he told the defendant about it, but he refused to have anyone clean it up and refused to give the plaintiff the "proper outfit or information to clean it properly." (Comp, p. 4). The plaintiff says his cell stayed in this condition for three days.

The plaintiff next says the defendant retaliated against him. It is not entirely clear the basis of this claim from the plaintiff's complaint. He states the plaintiff retaliated against him for "refusing to clean and asking for grievances officer instructed me it was and is prison policy if I get grievance he has to issue me Todd Green tickets." (Comp, p. 4)

### II. FACTS.

The following facts are taken from the defendant's motion and attachments and the plaintiff's responses.

The plaintiff was incarcerated at the Lawrence Correctional Center in Cell R-6-BL-12 on June 18, 2004. On this day, the plumbing in the cell above the plaintiff broke causing the plaintiff's cell to flood. The defendant states that the problem was corrected when the water

was turned off in the problem cell.

The plaintiff says he reported the flooding problem to Defendant French on his way to breakfast and told the officer he needed to have someone come clean his cell. (Plain. Depo, p. 7). The plaintiff says when he returned from breakfast fifteen to thirty minutes later, his cell had not been cleaned. (Plain, Depo. ,p. 8). The plaintiff says he was told the only way his cell was going to be cleaned is if he cleaned it himself. The plaintiff says he did not believe he had the proper training to clean the cell since he felt it was a bio-hazard so he did not ask for cleaning supplies. (Plain. Depo, p. 9).

Defendant French claims that when the plaintiff told him about the water in his cell, the defendants offered him cleaning supplies, rubber gloves and a mop to clean it up.

> He refused and said he wanted an inmate porter to clean it up. I explained to Plaintiff Green that no other inmate is permitted to enter his cell. Water on the floor is a safety hazard, so I gave Plaintiff Green a direct order to clean up the water in his cell. Plaintiff Green refused, and I issued him a disciplinary report charging 304- Insolence, 403- Disobeying a Direct Order and 402- Health, Smoking or Safety Violation. (Green Aff, Ex. B, p.1)

The defendant does not state what happened with the disciplinary ticket.

The plaintiff states he did not ask for an inmate porter to clean his cell, but instead asked for a "trained individual" to clean his cell. (Resp., p. 1) The plaintiff admits he was offered a mop, but did not request any other supplies.

Defendant Green also states that he "did not perceive the flood to be a risk to Plaintiff's health and safety. I did not think the flood contained any human waste, including urine or feces, that would make it dangerous for him to clean himself." (Green Aff, Ex. B, p.1)

When asked in his deposition whether the water in his cell was toilet water, the plaintiff stated, "I couldn't guess. From what I heard, it was the urinal pipes broke in there." (Plain. Depo, p. 6). Later, the plaintiff says he refused to clean his cell because there was "piss, feces in there, and I don't have the proper equipment or training." (Plain., Depo, p. 10). When the plaintiff was asked if he could see any feces in the flood, responded that he "didn't look for specific feces, but I would say there's brown in there and yellow sports and just all mixed in there." (Depo, p. 14). The plaintiff says his cell had standing water for three days until it dried up and his cell-mate then cleaned the floor.

As for his second claim, the plaintiff says when he returned from breakfast and saw his cell was not cleaned, he asked another unidentified officer for a grievance form. The plaintiff

says this officer told him that "if I want a grievance he has to issue me a ticket because I wanted a grievance." (Plain. Depo, p. 10)

The plaintiff states he had never had any problems with Officer French prior to this incident. The plaintiff is asking the Officer French pay compensatory and punitive damages.

## II. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970)*; Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

## III. ANALYSIS

The defendant first argues that the plaintiff has failed to demonstrate that he violated the plaintiff's Eighth Amendment rights. In order for the plaintiff to establish that his confinement amounted to unconstitutional punishment, he must pass a two-prong test. The objective component of the test looks at the alleged conditions and whether they were sufficiently serious. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Was the plaintiff deprived of the "minimal civilized measure of life's necessities"? *Rhodes v. Chapman*, 452 US 337, 347 (1981); *Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988).

To satisfy the subjective component, plaintiff must demonstrate the defendants was deliberately indifferent to his health and safety. *Farmer v. Brennan*, 511 US 825, 837 (1994). This means the plaintiff must show that the defendant knew there was a substantial risk of serious harm to the plaintiff, and consciously disregarded that risk. *Id.*

In addition, when a pretrial detainee like the plaintiff seeks damages under 1983, he must allege a remediable injury for each claim. *Wilson v. Cook Co. Board of Commissioners*,

878 F. Supp 1163, 1168 (N.D. Ill. 1995). Where no injury is present, a claim for compensatory damages cannot survive. *Memphis Community School District v Stachura*, 477 US 299, 308 (1986).

The court agrees with the defendants. The plaintiff's complaint alleges that the flood water in his cell contained feces and urine. However, he has presented no evidence to support this claim other than his own guess as to the contents of the water. More importantly, the plaintiff admits he was offered cleaning supplies, but refused them. The plaintiff clearly wanted someone else to clean up the mess. Even if the court could somehow find that the plaintiff had demonstrated that the condition in his cell was sufficiently serious to violate the constitution, there is no evidence that the defendant was deliberately indifferent.

Defendant French states that he did not believe the water in the plaintiff's cell was hazardous to the plaintiff's health, and by the plaintiff's own account, it was not obvious that the flood water contained any hazardous materials. The motion for summary judgement on the plaintiff's Eighth Amendment claim is granted.

The defendant next argues that the plaintiff has failed to state a claim for retaliation. To succeed on a retaliation claim, the plaintiff must "establish that his protected conduct was a motivating factor behind [the defendants' actions], but that should not end the inquiry. Because the ultimate question is whether events would have transpired differently absent the retaliatory motive . . ." *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). If the same action would have occurred regardless of the retaliatory motive, the claim fails. *See Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004). Therefore, if a prison officer's actions are supported by legitimate penological concerns, the retaliation claim fails as a matter of law.

The court notes that it is still difficult to discern the basis of the plaintiff's retaliation claim. Apparently, the plaintiff is alleging that when Defendant French refused to have someone clean the plaintiff's cell, he asked another officer for a grievance form. The plaintiff says this other officer spoke to Defendant French, and Defendant French then wrote the disciplinary ticket against the plaintiff because he asked for the grievance form. The plaintiff says he did file a grievance.

The defendants argue there is no evidence the events would have occurred differently absent a retaliatory motive. The plaintiff admits that the defendant told him to clean his cell and he refused. The motion for summary judgement as to the retaliation claim is granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgment is granted. [d/e 15]. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated. The parties**

**are to bear their own costs.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The plaintiff is responsible for ensuring the $250.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

Enter this 25th day of June, 2007.

        s\Harold A. Baker
      _____
         HAROLD A. BAKER
       UNITED STATES DISTRICT JUDGE